# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| CURTIS LEE WALKER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>IOWA DEPARTMENT OF CORRECTIONS, CASE MANAGER TODD E., ISP-CCC FACILITY, ASSISTANT WARDEN RANDY STROUD, GOVERNOR CHESTER CULVER, BUENA VISTA COUNTY D.A. OFFICE, BUENA VISTA SHERIFF DEPARTMENT, STORM LAKE POLICE DEPARTMENT,<br><br>　　　　Defendants. | No. C08-0159-LRR<br><br>INITIAL REVIEW ORDER |

## *I. INTRODUCTION*

This matter is before the court pursuant to the plaintiff's application to proceed in forma pauperis. The Clerk of Court filed such application on December 22, 2008. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint pursuant to 42 U.S.C. § 1983.

## *II. IN FORMA PAUPERIS APPLICATION*

Based on the application and certificate of inmate account, in forma pauperis status shall be granted. 28 U.S.C. § 1915. The Clerk of Court shall file the complaint without the prepayment of the filing fee. The plaintiff shall submit $3.16 as his initial partial filing fee. 28 U.S.C. § 1915(b)(1). In addition, the plaintiff shall submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2); *see also* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). The agency having custody of the plaintiff shall forward

payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid. 28 U.S.C. § 1915(b)(2).

### III. THE PLAINTIFF'S COMPLAINT[1]

Currently confined at the Lovelock Correctional Center in Lovelock, Nevada, the plaintiff, proceeding pro se, submitted a complaint under 42 U.S.C. § 1983 to redress the alleged deprivation of his constitutional rights. Jurisdiction is predicated on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears to be proper.

In his complaint, the plaintiff states:

> I had a [detainer] hold [warrant] for a charge I never did[. I] was locked up in prison at the time and [I] filed a [habeas] corpus [against] them at Buena Vista [County] and Sheriff [Department] for [$200,000.00 against] the County and [$200,000.00 against] the Sheriff [Department] and [I] won but did not get paid[. I] was my own [attorney] for the case only and won and everything [against] me got [dropped. I] did have [attorney] on for outside help for the case but [I] filed and won on my own. Then [I filed a $100,000.00] lawsuit [against] my [attorney] so that's [$500,000.00 I] have not collected yet! You will find out about more of the case[. L]ook up the case [number] and read it.

---

[1] The court notes that it does not appear from the complaint that the plaintiff exhausted his administrative remedies prior to commencing the instant action. *See* 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002) (stating exhaustion in cases covered by 42 U.S.C. § 1997e(a) is mandatory); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (concluding dismissal required when inmate has not administratively exhausted before filing lawsuit in district court); *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000) ("The [requirements of 42 U.S.C. § 1997e(a)] are clear: if administrative remedies are available, a prisoner must exhaust them."); *cf. Jones v. Bock*, 549 U.S. 199, 211-218, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) (concluding that a plaintiff should be allowed to proceed on exhausted claims even though all of the claims are not exhausted). Nevertheless, nothing prevents the court from reviewing the merits of the plaintiff's claims. *See Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (finding exhaustion requirements under 42 U.S.C. § 1997e(a) not met and dismissing case under 42 U.S.C. § 1997e(c)).

It appears that the instant complaint is related to three state criminal cases.[2] In *State v. Walker*, FECR037469 (Buena Vista County Dist. Ct. 2006), the Alta Police Department filed a criminal complaint against the plaintiff on March 8, 2006, a police officer requested dismissal on March 27, 2006 and the Iowa District Court for Buena Vista County dismissed the criminal complaint on March 28, 2006 because it was not correct. A warrant for the plaintiff's arrest was never signed or issued. In *State v. Walker*, FECR037531 (Buena Vista County Dist. Ct. 2007), the Alta Police Department filed a criminal complaint against the plaintiff on March 23, 2006, and the Iowa District Court for Buena Vista County dismissed the criminal complaint on February 7, 2007. An arrest warrant was requested in March of 2006 and returned the same date that the Iowa District Court for Buena Vista County dismissed the criminal complaint. The record indicates that the plaintiff was in prison in November of 2006.[3] It also indicates that the plaintiff wrote a letter to the Iowa District Court for Buena Vista County on April 30, 2007, and the Iowa District Court for Buena Vista County responded:

> Now on this 30th day of April, 2007, the Court has received written communication from the [plaintiff] indicating a desire to file a civil suit under the State Tort Claims Act. The [plaintiff] requests transfer to BV County to file said suit, which [the plaintiff] indicates he will be naming BV County and his trial attorney as defendants. In the interest of judicial efficiency, and within the Rules of Civil Procedure, the Court hereby advises the [plaintiff] that said civil suit may be filed in Lee County, Iowa District Court. This Court will take no

---

[2] Iowa state court criminal and civil records may be accessed at the following address: http://www.judicial.state.ia.us/Online_Court_Services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

[3] The plaintiff was convicted and ordered to serve a sentence of five years for four separate counts. *See State v. Walker*, FECR051457 (Woodbury County Dist. Ct. 2003); *State v. Walker*, FECR051476 (Woodbury County Dist. Ct. 2003); *State v. Walker*, FECR051624 (Woodbury County Dist. Ct. 2003).

3

> further action in response to [the plaintiff's] communication. Clerk to notify by ordinary mail. SO ORDERED.

In *State v. Walker*, FECR007181 (Lee County Dist. Ct. 2007), the Iowa Attorney General filed an extradition complaint on behalf of the State of Nevada on June 15, 2007 and the Iowa District Court for Lee County entered an order of disposition after the plaintiff waived extradition on June 18, 2007. The plaintiff does not cite a specific case, and it does not appear from state court records that the plaintiff ever filed an action against the named defendants. As relief, the plaintiff states:

> I want the [court] to recover the funds of $500,000.00 and get it sent to me and reopen my case as a [pending, winning] case [legally] in [the court's] view of [the] law [and the rights of my] case and let me go to court [and argue] this case in person and [I want the court] to send me the extra [copies] of my case file on this case and send me [pursuant to] court order to Buena Vista [County]! To go to court about this problem.

## IV. DISCUSSION

### A. Standard of Review

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). Accordingly, a court may review the complaint and dismiss sua sponte those claims that are premised on meritless legal theories or that clearly lack any factual basis. *See id.*;

*see also Denton v. Hernandez*, 504 U.S. 25, 27, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).

### B. Overview of Civil Rights Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983, in relevant part, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the

alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

## C. The Plaintiff's Claims

Given the facts alleged in the instant complaint, it is clear that the plaintiff does not state a viable claim under 42 U.S.C. § 1983. The plaintiff essentially filed suit against the defendants because he has failed to collect on a judgment that he believes entered in one of his state cases. Collection or execution of a state court judgment arises from state law. *See* Iowa Code § 626.1, et seq. Because the plaintiff asserts rights based on state law and fails to assert the violation of a federal right, it is appropriate to dismiss with prejudice the instant action.

Moreover, although the complaint names multiple defendants, it only includes generalities and does not state what injury, if any, the plaintiff suffered. Dismissal is warranted because the complaint does not include specific allegations against the named defendants; the instant action under 42 U.S.C. § 1983 is not cognizable because the plaintiff does not allege that the defendants were personally involved with or had direct responsibility for the incident that injured him. *See Gully v. Maynard*, 218 F. App'x 551, 552 (8th Cir. 2007) (citing *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985)). Consequently, it is appropriate to dismiss with prejudice the deficiently pleaded complaint.[4]

---

[4] The court notes that the Iowa Department of Corrections is not a "person" for purposes of litigation under 42 U.S.C. § 1983, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) (holding that a state and its agencies are not "persons" within the meaning of 42 U.S.C. § 1983); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (making clear that a claim for damages under 42 U.S.C. § 1983 may not be asserted against a state), and several of the other named defendants are not proper because liability under 42 U.S.C. § 1983 may not be grounded upon a respondeat superior theory, *see Canton v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989); *Tlamka v. Serrel*, 244 F.3d 628, 635 (8th Cir. 2001).

Further, to the extent that the plaintiff claims his prosecutions[5] violated his right to substantive due process under the Fourteenth Amendment, such claim is not cognizable because the alleged facts do not indicate that the defendants' conduct was conscience-shocking and they do not suggest that the defendants' actions violated a deeply rooted, fundamental right of the United States. *See Skokos v. Rhoades*, 440 F.3d 957, 961-62 (8th Cir. 2006); *Slusarchuk v. Hoff*, 346 F.3d 1178, 1181-82 (8th Cir. 2003); *Moran v. Clarke*, 296 F.3d 638, 651 (8th Cir. 2002). Here, the record establishes that criminal complaints charged the plaintiff with burglary in the third degree, in violation of Iowa Code § 713.6A(1), but the plaintiff was never arrested in light of either criminal complaint. Indeed, the plaintiff was imprisoned for separate offenses at the time both criminal complaints were filed and dismissed by the Iowa District Court for Buena Vista County. The filing and subsequent dismissal of the criminal complaints in *State v. Walker*, FECR037469 (Buena Vista County Dist. Ct. 2006), and *State v. Walker*, FECR037531 (Buena Vista County Dist. Ct. 2007), do not implicate a fundamental right and are not the least bit offensive to judicial notions of fairness. *Cf. Anderson v. Larson*, 327 F.3d 762, 769 (8th Cir. 2003); *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998). Because no

---

[5] The court notes that the applicable statute of limitations is the period governing personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276-80, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985); *see also City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 123 n.5, 125 S. Ct. 1453, 161 L. Ed. 2d 316 (2005) (reaffirming that the statute of limitations for a 42 U.S.C. § 1983 claim is generally the applicable state-law period for personal-injury torts); *Wycoff v. Menke*, 773 F.2d 983, 984-87 (8th Cir. 1985) (finding it appropriate to apply Iowa's personal injury statute of limitations to actions brought under 42 U.S.C. § 1983). In Iowa, the statute of limitations for personal injury actions is two years after accrual. Iowa Code § 614.1(2). Such "'statute of limitations begins to run when the injured person discovers or in the exercise of reasonable care should have discovered the allegedly wrongful act'". *Roth v. G.D. Searle & Co.*, 27 F.3d 1303, 1306 (8th Cir. 1994) (quoting *Franzen v. Deere & Co.*, 377 N.W.2d 660, 662 (Iowa 1985)); *see also Richmond v. Clinton County*, 338 F.3d 844, 847 (8th Cir. 2003) (relying on *Roth*, 27 F.3d at 1306). Accordingly, the applicable statute of limitations bars the plaintiff's claims concerning *State v. Walker*, FECR037469 (Buena Vista County Dist. Ct. 2006).

violation of the plaintiff's substantive due process rights occurred, this claim lacks merit.

In addition, the plaintiff appears to take issue with his prosecution for burglary in the third degree in *State v. Walker*, FECR037469 (Buena Vista County Dist. Ct. 2006), and *State v. Walker*, FECR037531 (Buena Vista County Dist. Ct. 2007). A prosecutor is entitled to absolute immunity from a suit for damages "under 42 U.S.C. § 1983 for [his or her] conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)); *see also Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993) (prosecutor is immune from civil rights claims that are based on actions taken in the performance of their prosecutorial duties); *Snelling v. Westhof*, 972 F.2d 199, 200 (8th Cir. 1992) (same). "'[A]ctions connected with initiation of prosecution, even if those actions are patently improper'[,] are immunized." *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (quoting *Williams v. Hartje*, 827 F.2d 1203, 1208 (8th Cir. 1987)). Filing a criminal complaint constitutes a prosecutorial function, and, consequently, a prosecutor who files a criminal complaint is entitled to absolute immunity. *See id.* Thus, no claim exists against any defendant for preparing, signing or filing the criminal complaint in *State v. Walker*, FECR037469 (Buena Vista County Dist. Ct. 2006), and *State v. Walker*, FECR037531 (Buena Vista County Dist. Ct. 2007).

Finally, the plaintiff does not assert any physical injury as a result of the defendants' actions. Under the Prison Litigation Reform Act,

> [n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without prior showing of physical injury.

42 U.S.C. § 1997e(e); *see also Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (42 U.S.C. § 1997e(e) applies to all prisoner federal civil actions). Because he does not have

the requisite physical injury to support a claim for mental or emotional suffering, the plaintiff's action must be dismissed under 42 U.S.C. § 1997e(e). *See Smith v. Moody*, 175 F.3d 1025 (table) (8th Cir. 1999) (affirming dismissal of inmate's complaint, when inmate failed to allege any physical injury); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (affirming dismissal of inmate's claims pursuant to 42 U.S.C. § 1997e(e), where alleged physical injury was merely de minimis); *Todd v. Graves*, 217 F. Supp. 2d 958, 960-61 (S.D. Iowa 2002) (barring plaintiff from recovering compensatory damages for mental and emotional injuries because his physical injuries did not pass Prison Litigation Reform Act, specifically 42 U.S.C. § 1997e(e) de minimis test).

In sum, the plaintiff failed to state a valid claim under 42 U.S.C. § 1983 and compensatory damages are barred under 42 U.S.C. § 1997e(e). Accordingly, the plaintiff's complaint shall be dismissed as frivolous or for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis is granted.

(2) The Clerk of Court is directed to file the complaint without the prepayment of the filing fee.

(3) The agency having custody of the plaintiff is directed to submit $3.16 as his initial partial filing fee and to submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $350.00 filing fee is paid.

(4) The agency having custody of the plaintiff shall forward payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid. 28 U.S.C. § 1915(b)(2).

(5) The plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2) and/or 28 U.S.C. § 1915A(b)(1).

(6) The dismissal of this action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**DATED** this 25th day of February, 2009.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO: **WARDEN/ADMINISTRATOR**
Lovelock Correctional Center, Lovelock, Nevada

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Curtis Lee Walker, #84535, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Walker v. Iowa Department of Corrections, et al.*, Case No. C08-0159-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the prisoner's account information, the court has assessed an initial partial filing fee of $3.16, which the inmate must pay now to the Clerk of Court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). If the inmate currently does not have sufficient funds to pay the initial partial filing fee, you must monitor the account and send payments to the Clerk of Court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

s/Karen S Yorgensen, Deputy
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa